## Schwartz v. Pennsylvania Power & Light Co.

*Geisenberger & Geisenberger,* for plaintiff.

*G. T. Hambright* and *John E. Malone,* for defendant.

ATLEE, P. J., July 17, 1936.—Plaintiff is Dr. Grover C. Schwartz, of 221 East King Street, in the City of Lancaster, and, as plaintiff's statement avers, he is actively engaged in the practice of medicine, with his office and home located at the above address. Defendant is the Pennsylvania Power & Light Co., a corporation engaged in supplying gas and electricity to the public in the City of Lancaster. Plaintiff's statement alleges that on and prior to November 21, 1935, defendant was serving and furnishing to plaintiff electricity and gas, charging for such services by monthly bills. About October 3, 1935, defendant sent to plaintiff a monthly bill for electricity and gas consumed during the period from September 3, 1935, to October 1, 1935. The gross amount of the bill payable after October 18, 1935, was $6.19. Plaintiff pleads that he did not pay this bill immediately. On November 4, 1935, a collector from defendant company called at plaintiff's office, demanded payment and threatened plaintiff that, unless the bill of $6.19, past due since October 18, 1935, was paid immediately, defendant would disconnect plaintiff's service. Plaintiff's statement then goes on to aver that on November 6, 1935, he paid this bill for $6.19 at defendant's office in the Griest Building, Lancaster, Pa., taking defendant's cashier's receipt therefor. On November 7, 1935, defendant sent plaintiff a bill for electricity and gas consumed during the period from October 1, 1935, to November 5, 1935. The gross amount of this bill, payable after November 22, 1935, was $6.48, and also there was added to this invoice by defendant the items "overdue electric $4.03; overdue gas $2.16." On November 20, 1935, plaintiff paid the sum of $6.48 to defendant and had the two items "overdue electric $4.03, overdue gas $2.16" deleted from the bill. Defendant issued a cashier's receipt for the amount paid, namely $6.48. On November 21, 1935, about 3:45 in the afternoon, defendant disconnected plaintiff's electric current. Plaintiff specifically avers as follows:

"11. Plaintiff avers that the said action on November 21, 1935, of defendant by its agents, servants, or employes, was careless, negligent, wilful and deliberate, and was done for the averred purpose of compelling plaintiff to make payment to defendant of the invoice of $6.19, which said invoice had in fact been paid more than two weeks prior thereto.

"12. Plaintiff avers that, by reason of the careless, negligent, wilful and deliberate action of defendant, its servants, agents, or employes, plaintiff's office and home were without electric current and plaintiff was thereby deprived of the use of his office and the use of electrically operated office and home appliances and equipment and lights, whereby plaintiff was compelled to spend several hours time on November 21, 1935, attempting to have restored the electric service to his office and home, during which time he was unable to attend to his usual medical practice, to his loss and detriment.

"13. Plaintiff avers that, by reason of the careless and negligent action of defendant, as hereinbefore averred, he was greatly humiliated and mortified, that he suffered vexation and inconvenience, that he suffered loss of prestige and loss of standing to his credit, and all of which caused plaintiff to undergo great pain, mental anguish and suffering to his material loss and injury, whereby plaintiff claims from defendant $500 damages as compensation for his injuries as aforesaid. For the recovery of which sum this suit is brought and statement of claim filed."

Defendant has filed a petition asking the court to order plaintiff to file a more specific statement. The immediate matter before this court is a rule on plaintiff to show cause why a more specific statement should not be filed. Defendant's petition raises two questions:

The first question is best defined by quoting the second paragraph of defendant's petition, as follows:

"That the statement of claim heretofore filed in the above entitled cause is indefinite, vague and so lacking in

particularity that your petitioner cannot ascertain therefrom the nature and character of plaintiff's said claim with sufficient certainty to enable your petitioner to state the defense thereto in a proper and legal manner."

It seems that this paragraph of defendant's petition refers to that portion of plaintiff's statement which details plaintiff's cause of action. Plaintiff has set forth with sufficient particularity his cause of action.

The second question is best defined by the third paragraph of defendant's petition, which is as follows:

"The said statement is vague, indefinite and lacking in particularity in the following respects: In paragraph 13 of said statement, plaintiff sets forth that his damages amount to $500, but fails to set forth specifically just what the damages are and how he reaches the conclusion that the amount thereof is $500."

In his statement plaintiff seeks to recover the sum of $500 for damages, but fails to define the various elements making up this amount. It will be observed that plaintiff fails to say for how many hours he was unable to attend to his practice and to what extent he suffered loss, and what damages he claims for pain, mental anguish and suffering, etc. Whether plaintiff in this action can recover damages for humiliation and mortification and for pain, mental anguish and suffering is a question that need not be decided now, but can be disposed of at the trial of the cause.

Careful examination of plaintiff's statement indicates that defendant is entitled to have a more specific statement as to how the damages claimed by plaintiff reach the lump sum of $500.

The rule to show cause why a more specific statement of claim should not be ordered is made absolute. Plaintiff is required to file a more specific statement of claim within 30 days or suffer judgment of non pros.

From George Ross Eshleman, Lancaster.